On respondents Naumes, Inc.'s, and SAMIS, Inc.'s, motion to dismiss filed March 19, and petitioners' response to motion to dismiss filed April 7, 2004, motion to dismiss denied January 12, respondents Naumes, Inc.'s and Samis, Inc.'s petition for reconsideration granted; opinion affirmed as modified by order dated March 17, 2005

In the Matter of the Compensation of
Charles M. Spivey, Claimant.

## LIBERTY NORTHWEST INSURANCE CORPORATION
and Modoc Orchard Co.,
*Petitioners,*

*v.*

Charles M. SPIVEY,
Medford Plywood, Inc., and SAIF Corporation;
Southwest Forest Products; Stone Container Corp.;
KRI Construction; Naumes, Inc. and SAMIS Inc.;
May Trucking and Liberty Northwest;
Market Transport, Ltd.; and Liberty Northwest,
*Respondents.*

01-07887, 01-07888, 01-07889, 01-07890,
01-07891, 01-08423, 01-08426, 01-08422,
01-08421, 02-00807; A123805

104 P3d 640

Gene L. Platt for motion.

David O. Wilson and Johnson, Nyburg & Andersen *contra*.

Before Brewer, Chief Judge, and Wollheim, Judge, and Deits, Judge pro tempore.

WOLLHEIM, J.

**WOLLHEIM, J.**

In this workers' compensation case, respondents Naumes, Inc., and SAMIS, Inc. (Naumes), moved to dismiss petitioners Liberty Northwest Insurance Corporation and Modoc Orchard Co.'s (Liberty Northwest) petition for judicial review because Liberty Northwest failed to timely serve Naumes with a copy of the petition for judicial review. For the reasons that follow, we deny the motion to dismiss.

The procedural facts are not in dispute. The Workers' Compensation Board issued its order on review on January 16, 2004. Liberty Northwest, Naumes, and others were listed as parties. On February 13, 2004, Liberty Northwest filed its petition for judicial review. Attached to the petition was Liberty Northwest's certificate of mailing and service. The certificate did not indicate that Naumes or its attorney had been served with a copy of the petition. More than 30 days after the board's order, Liberty Northwest served Naumes with a copy of the petition. Naumes filed this motion to dismiss based on Liberty Northwest's failure to timely serve Naumes. Liberty Northwest opposes the motion.

It is undisputed that the petition for judicial review was filed with the court within 30 days of the board's order, as required by ORS 656.295(8). It is also undisputed that Liberty Northwest did not contemporaneously serve Naumes with a copy of the petition for judicial review when the petition for judicial review was filed. The question presented is whether Liberty Northwest's failure to timely serve Naumes deprives this court of jurisdiction. To answer that question, we must attempt to determine legislative intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). We first examine the text of the statutes in context. If the meaning of the statutes is clear, our analysis is complete. If the meaning of the statutes is ambiguous, we then consider legislative history. If the legislative history does not make the legislative intent clear, we consider maxims of statutory construction. *Id.* at 610-12.

ORS 656.295(8) provides that the board's order is final unless a party files a petition for judicial review with the Court of Appeals within 30 days after the date of mailing of

the board's order. ORS 656.298 concerns the filing requirements for a petition for judicial review. ORS 656.298(3)[1] provides that judicial review is commenced by serving a copy of the petition for judicial review on the board and all parties who appeared before the board and by filing the original petition for judicial review with the clerk of the Court of Appeals with proof of service endorsed thereon. ORS 656.298(5) provides:

> "The following requirements of subsection (3) of this section are jurisdictional and may not be waived or extended:

> "(a)  Service of the petition for judicial review on all parties identified in the petition for judicial review as adverse parties or, if the petition for judicial review does not identify adverse parties, on all parties who have appeared in the proceeding before the board.

> "(b)  Filing of the original petition for judicial review with the Court of Appeals within the time limits imposed by ORS 656.295(8) and by subsection (4) of this section."

Under ORS 656.298(5), both service and filing of the petition are jurisdictional; however, only paragraph (5)(b), the requirement for filing the petition, incorporates the time limit contained in ORS 656.295(8). The original petition for judicial review must thus be filed with the Court of Appeals within 30 days of the mailing of the board's order. There is no similar time limit in ORS 656.298(5)(a) for serving the petition for judicial review. Thus, on the face of ORS 656.298(5), the time limit is jurisdictional only with respect to the filing of the petition for judicial review with the Court of Appeals. There is no equivalent statutory jurisdictional time limit for *serving* a copy of the petition for judicial review on the parties. Yet, under ORS 656.298(3), the petition for judicial review filed with the Court of Appeals must contain proof of service on those parties. Thus, as a practical matter, service of the petition must be accomplished at or before the time of filing.

---

[1] ORS 656.298(3) provides, in part:

"The judicial review shall be commenced by serving a copy of a petition for judicial review on the board and on the parties who appeared in the review proceedings, and by filing with the clerk of the Court of Appeals the original petition for judicial review with proof of service indorsed thereon."

It is tempting to conclude, based on that requirement, that service of the petition on the parties is subject to the same jurisdictional time requirement that ORS 656.298(5)(b) places on the filing of the petition. But not all the requirements of ORS 656.298(3) are jurisdictional. We conclude that, had the legislature intended to make the time limitation on service of the petition jurisdictional, it would have done so explicitly, as it did in ORS 656.298(5)(b), with respect to the filing of the petition. We will not insert that requirement. ORS 174.010.[2]

Motion to dismiss denied.

---

[2] ORS 174.010 provides:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."